PETROPLUS, JUDGE:
Claimant, Capitol Paper Supply, Inc., seeks the sum of $4,700.00 from the Department of Finance and Administration, respondent, on indebtedness of the Department for a period beginning on February 28, 1970, and ending April 31, 1971. The chronology of dates and facts giving rise to the claim are as follows.
December 18, 1968, respondent issued a purchase order for a large supply of paper in specified quantities at fixed prices aggregating $99,188.70, and deliveries were made to the State from time to time as requested by respondent. No interest was mentioned, although a 2% discount was provided for payment within 30 days.
August 5, 1970, a claim was filed in this Court for $71,307.23, that being the accumulated indebtedness invoiced to the State for requested deliveries, the case being designated Claim No. D-328.
*89 October 14, 1970, the date set for hearing in this Court, the parties advised the Court that a settlement had been reached and the claimant would be paid the amount owing. Thereupon, the Court continued the case.
June 3, 1971, the instant claim for interest was filed in the amount of $4,700.00.
July 2, 1971, State answered setting forth two defenses:
(1) Claimant is splitting its cause of action contrary to law.
(2) Interest is barred by Chapter 14, Article 2, Section 12 of the Code of West Virginia, which provides:
“In determining the amount of a claim, interest shall not be allowed unless the claim is based on a contract which specifically provides for the payment of interest.” (underscoring supplied)
July 26, 1971, final installment of $5,686.20 was paid by the State to the claimant on the negotiated settlement.
August 20, 1971, claimant files a Motion to Consolidate and/or Amend Claim No. D-328 by adding thereto in its entirety Claim No. 481 (this Claim for interest).
Chapter 17, Acts 1969, of the West Virginia Legislature authorizing interest on public contracts was passed March 8, 1969, effective 90 days after passage and approved by the Governor, and applied to contracts made after March 1, 1969.
December 14, 1971, the hearing on this Claim for interest took place.

OPINION

The claimant was furnishing paper to the State on open account under a Requirement Contract dated December 18, 1968, prior to the effective date of the legislation which authorized interest payment, and for that reason we hold said Act not to be applicable to this Claim. The State incurred a liability for the purchase of supplies on the date of the Purchase Order, December 18, 1968, and deliveries were deferred until such times as the paper was needed. We cannot consider each delivery a separate contract of purchase. That the State failed to make prompt payment is not denied, yet the law of *90 the case at that time would be controlled by 14-2-12 Code stating that this Court cannot allow interest in determining the amount of a contractual claim unless the claim is based on a contract specifically provided for the payment of interest.
Furthermore, when the Motion to consolidate the two cases was filed on August 20, 1971, the State had finished paying the principal indebtedness on the first case designated D-328, under an arrangement that we consider to be an accord and satisfaction not requiring the payment of interest. The parties admit interest was not discussed in the settlement conference.
The tenability of the defense of splitting the cause of action, there being two Claims, one for principal, the amount due on the contract, and the other for interest on the amount due, thereby creating two controversies over a single matter, need not be decided in view of the reasons given for disallowing the Claim. The Motion to Consolidate is thereby overruled as the issues raised by Claim D-328 are now moot, the amount of the Claim having been paid before the Motion was made.
Claim disallowed.